**W. F. ALLEN, d/b/a Allen King Cole Grocery, Libelant,**

v.

**THE M/V CONTESSA, her engines, tackle, furniture, etc., Murry Mobley, Ralph Segura, B. G. Wylie, American Marine Investment, Inc., and C.I.T. Corporation, Respondents.**

**No. 262.**

United States District Court
S. D. Texas,
Corpus Christi Division.
Aug. 10, 1961.

650

Ellis & Andrews (Wm. L. Ellis), Aransas Pass, Tex., for libelant.

Kleberg, Mobley, Lockett & Neil (R. W. Woolsey), Corpus Christi, Tex., for respondents B. G. Wylie and American Marine Investment, Inc.

GARZA, District Judge.

The libelant, W. F. Allen, d/b/a Allen King Cole Grocery, alleges that from December 21, 1958, through June 9, 1959, he furnished and supplied to the M/V Contessa, on orders of its owner, Murry Mobley, certain necessaries consisting of groceries, meats, victuals and other necessaries, in the sum of $209.66; that on or about October 8, 1959, the libelant filed with the Collector of Customs at Corpus Christi, Texas, a claim of lien against the vessel Contessa in that amount, which fact has been stipulated by the parties. He filed this action in rem against the Contessa and in personam against its then owner, Murry Mobley. In the original action other parties were also named respondents because in the meantime the vessel had been sold by Mobley. It has been stipulated, however, that notwithstanding the contents of the original libel, the action before the Court, and tried by the Court, is an action in rem against the M/V Contessa, her engines, tackle, furniture, etc., and an action in personam against the said Murry Mobley, owner; and that no in personam action is being taken against any of the other named respondents, whether or not served with citation; and that B. G. Wylie and/or American Marine Investments, Inc., are appearing and defending the said action filed by the libelant, as claimants of the said vessel Contessa, and not as respondents therein. Libelant is also asking for

attorney's fees and interest. Murry Mobley has defaulted herein.

The claimants defending the action have taken the position (1) that the groceries and other supplies made the basis of libelant's claim were not actually brought on board the vessel; (2) that the stipulated amount of $47.50 was for cigarettes and that the same are not necessaries under 46 U.S.C.A. § 971; and (3) that under Art. 2226, Vernon's Annotated Texas Civil Statutes, libelant is not entitled to attorney's fees in rem against the vessel as the libelant is claiming.

## Findings of Fact

The evidence shows, and the Court finds:

1) That the groceries, etc., made the basis of libelant's claim were furnished either to the owner, Murry Mobley, in person or to members of the crew of the M/V Contessa upon his oral orders, and were delivered either to the owner Mobley or to persons authorized by him, at the place of business of libelant.

2) That the above procedure found in Finding of Fact No. 1 is the customary way that suppliers in the area of Aransas Pass, Texas, deliver groceries, etc., to shrimping vessels such as the Contessa.

3) That the customary practice of shrimping vessels such as the Contessa, in the area of Arkansas Pass, Texas, is for the owner to put on board the vessel groceries and other supplies to be used by the crew while on shrimping expeditions.

4) That the so-called 'Lay Plan' is used, under which the owner of the vessel gets half of the catch, and the members of the crew the other half to be divided amongst them as per their own agreement.

5) That before the crew gets its share, the amount of the groceries and other supplies put on board ship is deducted from their catch.

6) That cigarettes are usually included in the supplies that are put on board shrimping vessels such as the Contessa.

7) That the libelant in this case in his tickets separated the groceries and the cigarettes for the reason that he did not want the owner of the boat to think that his groceries were too high.

8) That the libelant furnished the groceries and other supplies made the basis of his claim, on the strength that he had a lien on the Contessa, as provided in 46 U.S.C.A. § 971.

## Conclusions of Law

1) The Court finds that cigarettes are necessaries under 46 U.S.C.A. § 971. As stated by Judge Brown in J. Ray McDermott & Co. v. Off-Shore Menhaden Company, 5 Cir., 262 F.2d 523, the words "other necessaries" should not be narrowly interpreted but they should be given a broad meaning.

2) That under the practice followed by shrimping vessels of the type of the Contessa, the owner in effect agrees to provide the crews that man said shrimping vessels with a sort of a ship's store on a contract basis with the crew members of his vessel, and that the supplies, including cigarettes, furnished by libelant to the Contessa on orders of the owner were necessary in order to obtain the crew to man the Contessa on its shrimping expedition.

3) That under the practice followed in the shrimping industry in and around Aransas Pass, Texas, as found in the Findings of Fact, libelant has discharged his burden in proving that the supplies made the basis of his claim were supplied to the vessel and put on the vessel; and there being no direct proof offered by the claimants defending this action, showing that said supplies were not put on board said vessel, no other conclusion is tenable. And when a supplier, like the libelant, turns over supplies such as groceries, etc., to the owner or those authorized by him, as was done in this case, said supplier should not be required, and is not required, to follow said supplies to the vessel.

4) That Art. 2226, Vernon's Annotated Texas Civil Statutes, allowing the claim of reasonable amount of attor-

652

ney's fees, does not apply to in rem proceedings under 46 U.S.C.A. § 971. However, they may be collected as against the owner Mobley in personam. The amount of said attorney's fees is left to the discretion of the Court, and the Court finds that $75 is a reasonable attorney's fee.

It is, therefore, ordered by the Court that the libelant, W. F. Allen, d/b/a Allen King Cole Grocery, do have and recover judgment in rem against the vessel Contessa and in personam against Murry Mobley, jointly and severally, in the sum of $209.66 with interest from and after January 1, 1960, at the rate of six per cent per annum; and against Murry Mobley in personam in the further sum of $75 as attorney's fees.

The Clerk will advise counsel and ask libelant to prepare an order in compliance with this memorandum opinion.